IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RANDY A. WEAVER,<br>   Petitioner | * | |
| | * | |
| v. | | CIVIL ACTION NO. DKC-09-1117 |
| | * | |
| WARDEN,<br>   Respondent | * | |
| | ******* | |
| RANDY A. WEAVER,<br>   Petitioner | * | |
| | * | |
| v. | | CIVIL ACTION NO. DKC-09-1118 |
| | * | |
| M. VAN EVANS,<br>   Respondent | * | |
| | ******* | |
| RANDY A. WEAVER,<br>   Petitioner | * | |
| | * | |
| v. | | CIVIL ACTION NO. DKC-09-1169 |
| | * | |
| M. VAN EVANS, et al.,<br>   Respondents | * | |
| | ******* | |

**ORDER**

Petitioner Randy A. Weaver, an inmate confined at the Washington County Detention Center in Hagerstown, Maryland, filed the instant 28 U.S.C. § 2254 application for habeas corpus relief. Paper Nos. 1, Civil Action Nos. DKC-09-1117, DKC-09-1118', DKC-09-1169.[1] Petitioner attacks the constitutionality of his convictions and sentence entered on April 15, 2009. He states the maximum sentence for his offense was ninety days incarceration and as he served in excess of that time in pretrial detention, he therefore should have been sentenced to time served. He claims

---

[1] The three petitions raise identical claims but were received by the court on various dates. The petitions shall be consolidated for review.

that the trial court erred in failing to award him credit for pretrial detention. Paper No. 1. He indicates that he did not file an appeal but has instituted post-conviction proceedings. *Id*

Plaintiff seeks leave to proceed in forma pauperis. Paper No. 2, Civil Action No. DKC-09-1169 and Paper No. 2, Civil Action No. DKC-09-1118. The motions shall be granted. Plaintiff also seeks an expedited hearing on his petition. Paper No. 3, Civil Action No. DKC-09-1118. For the reasons that follow, that motion shall be denied.

Before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court. *See Rose v. Lundy,* 455 U.S. 509, 518 (1982). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c). This may be accomplished by proceeding on direct appeal and/or by way of post-conviction review. The exhaustion requirement may be excused if it appears that "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." *See* 28 U.S.C. § 2254(b)(1)(B)(i) & (ii).

Upon review of the pleadings it is appears, given the date of Petitioner's criminal conviction, as well as his statements that he has not filed an appeal but has sought post conviction relief which remains pending in state court, that Petitioner has not yet exhausted all of his available state court remedies. In light of Petitioner's pro se status, he shall be granted twenty days from the date of this Order to show cause why his Petition should not be dismissed for failure to exhaust state court remedies.

Accordingly, it is this 21st day of May, 2009, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The above-referenced cases ARE CONSOLIDATED for all purposes;

2. Petitioner's motions for leave to proceed in forma pauperis (Paper No. 2, Civil Action No. DKC-09-1169 and Paper No. 2, Civil Action No. DKC-09-1118) ARE GRANTED;

3. Petitioner's motion for expedited hearing (Paper No. 3, Civil Action No. DKC-09-1118) IS DENIED;

4. Petitioner SHALL SHOW CAUSE within TWENTY (20) DAYS of the date of this Order why the Petition should not be dismissed for failure to exhaust state court remedies; and

5. The Clerk SHALL TRANSMIT a copy of this Order to Petitioner.

                                                              _____/s/_____
                                                          DEBORAH K. CHASANOW
                                                          United States District Judge