IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RANDY A. WEAVER,                          *
             Petitioner
                                   *

v.                                                             CIVIL ACTION NO.  DKC-09-1117
                                   *
WARDEN,
             Respondent                  *
                             *******

RANDY A. WEAVER,                          *
             Petitioner
                                   *

v.                                                             CIVIL ACTION NO.  DKC-09-1118
                                   *
M. VAN EVANS,
             Respondent                  *
                             *******

RANDY A. WEAVER,                          *
             Petitioner
                                   *

v.                                                             CIVIL ACTION NO.  DKC-09-1169
                                   *
M. VAN EVANS, et al.,
             Respondents                 *
                             *******

## MEMORANDUM

      Petitioner Randy A. Weaver,  an inmate confined at the Washington County Detention Center in Hagerstown, Maryland, filed the instant 28 U.S.C. § 2254 application for habeas corpus relief. Paper Nos. 1, Civil Action Nos. DKC-09-1117, DKC-09-1118, DKC-09-1169.[1]  Petitioner attacks the constitutionality of his convictions and sentence entered on April 15, 2009.  He states the maximum sentence for his offense was ninety days incarceration and as he served in excess of

---

[1]The three petitions raise identical claims but were received by the court on various dates.  The petitions have been consolidated for review. Paper No. 3, Civil Action No. DKC-09-1117.

that time in pretrial detention, he therefore should have been sentenced to time served.  He claims that the trial court erred in failing to award him credit for pretrial detention.  Paper No. 1.   He indicates that he did not file an appeal but has instituted post-conviction proceedings.  *Id.*

Before a petitioner may file a petition seeking habeas relief in federal court, he must exhaust each claim presented to the federal court through remedies available in state court.  *See Rose v. Lundy,* 455 U.S. 509, 518 (1982).   This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c).  This may be accomplished by proceeding on direct appeal and/or by way of post-conviction review.

Upon review of the pleadings it appeared, given the date of Petitioner's criminal conviction, as well as his statements that he had not filed an appeal but had sought post conviction relief which remains pending in state court, that Petitioner has not yet exhausted all of his available state court remedies.  Given Petitioner's pro se status, on May 21, 2009, he was directed to show cause within twenty days why the Petition should not be dismissed for failure to exhaust state court remedies.  Paper No.  3.  Petitioner has failed to respond.

Since it appears that Petitioner's  claims have not yet been exhausted in the state courts, the Court concludes that this petition for habeas corpus relief shall be dismissed without prejudice in order to allow Petitioner to continue to pursue his state court remedies.  Both comity and judicial efficiency make it appropriate for this court to insist on complete exhaustion before it addresses the issues raised by the Petitioner.  *See Granberry v. Greer*, 481 U.S. 129, 135 (1987).

For the foregoing reasons, the instant application shall be dismissed without prejudice for the failure to exhaust state court remedies.  A separate Order shall be entered reflecting the rulings set forth herein.


   July 2, 2009                               /s/
  Date                                      DEBORAH K. CHASANOW
                                         United States District Judge